UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARION MUHAMMAD-COLEMAN,<br><br>                     Petitioner,<br>    v.<br><br>LAGRAND, et al.,<br><br>                     Respondents. | Case No. 3:23-cv-00012-ART-CLB<br><br>**Order Directing Service of the Petition and Granting Motion for Appointment of Counsel** |

Darion Muhammad-Coleman has submitted a pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus. (ECF No. 1-1.) He paid the filing fee twice; thus the Court directs the Clerk of Court to refund the second filing fee. (*See* ECF Nos. 5, 6.) The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and directs that it be served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Muhammad-Coleman has also submitted a motion for appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his

claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, Muhammad-Coleman articulates his claims related to his trial and conviction for first-degree murder fairly clearly. However, he argues that his retained counsel was ineffective for failing to timely file his state postconviction petition, and other legal issues he raises regarding his convictions and 25-year-to-life sentence may be complex. In order to ensure due process, the court grants Muhammad-Coleman's motion for counsel.

**IT IS THEREFORE ORDERED** that the Clerk of Court detach, file, and electronically SERVE the petition (ECF No. 1-1) on the respondents.

**IT IS FURTHER ORDERED** that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

**IT IS FURTHER ORDERED** that the Clerk detach and file the motion for appointment of counsel (ECF No. 1-2).

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that after counsel has appeared for Petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

**IT IS FURTHER ORDERED** that the Clerk **REFUND** the duplicate filing fee at ECF No. 6.

DATED THIS 6th day of April 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE