UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Darion Muhammad-Coleman,<br><br>　　　　Petitioner<br><br>v.<br><br>LaGrand, et al.,<br><br>　　　　Respondents | Case No.: 3:23-cv-00012-ART-CLB<br><br>Order Directing Response to Motion to Withdraw Counsel Filed <u>In Camera</u> and Under Seal, Granting Motions to Seal and Motions for Extension of Time<br><br>(ECF Nos. 21, 26, 34, 37) |

　　This Court granted Petitioner Muhammad-Coleman's motion for appointment of counsel to litigate his 28 U.S.C. § 2254 habeas corpus action and appointed the Federal Public Defender ("FPD"). (ECF No. 7.) The FPD filed an amended petition asserting seven grounds for relief, including that Petitioner's trial counsel was ineffective in several ways, that the State impugned his right to remain silent, and the trial court improperly rejected a jury instruction on voluntary manslaughter proffered by the defense. (ECF No. 19.)

　　Petitioner has now filed a *pro se* motion that he styles as a motion to amend. (ECF No. 25.) Under the Local Rules, a party who is represented by counsel must not file *pro se* documents. LR IA 11-6(a). Here, Petitioner complains that the FPD did not raise certain claims in the amended petition. He also asks that his counsel be replaced. The FPD has not responded to Petitioner's filing by indicating that an irreconcilable conflict exists between

counsel and Petitioner or responded to the *pro se* motion in any manner. The Court construes Petitioner's filing as a motion to amend/motion to withdraw counsel. The Court directs the FPD to file a response to Petitioner's motion for relief <u>in</u> <u>camera</u> and under seal.

Next, both Petitioner and Respondents have filed motions for leave to file exhibits under seal. (ECF Nos. 21, 34.) While there is a presumption in favor of public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Here, counsel for Petitioner seeks to seal Petitioner's cognitive assessment because medical records are generally sealed to maintain privacy. (ECF No. 21.) The need to protect medical privacy qualifies as a "compelling reason" to seal records. *See, e.g.*, *Williams v. Nevada Dept. of Corrections*, 2:13-cv-00941-JAD-VCF, 2014 WL 3734287 at *1 (D. Nev. July 29, 2014); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL 89931, at *1 n.1 (N.D. Cal. 2011). The Court, therefore, grants Petitioner's motion to seal. Similarly, Respondents ask to file Petitioner's Presentence Investigation Report ("PSI") under seal because the PSI contains sensitive personal information including about

Petitioner's medical and mental health. (ECF No. 34.) Respondents motion to seal is granted.

It is therefore ordered that the FPD file a response to Petitioner's motion to amend/motion to withdraw counsel (ECF No. 25) *in camera* and under seal within 30 days of the date of this order.

It is further ordered that Petitioner's motion to seal **(ECF No. 21) is granted**. The exhibit will remain under seal.

It is further ordered that Respondents' motion to seal **(ECF No. 34) is granted**. The exhibit will remain under seal.

It is further ordered that Respondents' two motions for extension of time to file a response to the amended petition **(ECF Nos. 26 and 37) are both granted** *nunc pro tunc.*

Dated this 15th day of October, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE