UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Darion Muhammad-Coleman,<br><br>                          Petitioner,<br>v.<br>LaGrand, *et al.*,<br>                          Respondents. | Case No. 3:23-cv-00012-ART-CLB<br><br>Order Denying Pro Se Motion for Leave to File Amended Petition and Granting Extension to Respond to Motion to Dismiss<br><br>(ECF No. 25) |

       28 U.S.C. § 2254 habeas corpus Petitioner Darion Muhammad-Coleman, who is represented by the Federal Public Defender ("FPD"), has filed a pro se motion to amend the petition and withdraw counsel. (ECF No. 25.) The FPD filed an amended petition raising seven grounds for relief. (ECF No. 19.) More than three months later, Muhammad-Coleman filed the motion to amend. He asserts that the FPD improperly omitted claims involving Double Jeopardy and that he is actually innocent of first-degree murder.

       Pursuant to this Court's order, the FPD filed a response to Petitioner's motion *in camera* and under seal. (*See* ECF No. 40.) Counsel, mindful of her duties of confidentiality and privilege to Petitioner, provided general information about her representation. She described careful consideration of, and investigation into, all potential claims, as well as discussions with Petitioner about the claims she raised in the amended petition and the claims she did not raise. Counsel states that although Petitioner does not agree with all of counsel's decisions, she does not believe an irreconcilable conflict exists.

       The Court notes that there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). And even in the context of an appeal as of right, an indigent petitioner has no constitutional right

1

that counsel raise even every nonfrivolous issue. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *see also Smith v. Robbins*, 528 U.S. 259 (2000). In fact, the role of advocate requires that counsel evaluate claims and issues and select the strongest claims to press, in order that they not be lost among weaker, if colorable, claims. *Jones*, 463 U.S. at 751. This Court is also mindful of the goals of the efficient and just resolution of Petitioner's federal habeas matter. The Court is unpersuaded that the FPD should withdraw from this case. Thus, Petitioner's motion to amend/withdraw counsel is denied.

Petitioner, through counsel, also asks the Court for an extension of time to oppose Respondents' motion to dismiss his first amended 28 U.S.C. § 2254 habeas corpus petition, pending the resolution of Petitioner's motion to strike. (ECF No. 42.) Good cause appearing, the motion is granted.

It is therefore ordered that Petitioner's motion to amend/motion to withdraw counsel **(ECF No. 25) is DENIED**.

It is further ordered that Petitioner's motion for extension of time to file an opposition to the motion to dismiss **(ECF No. 42) is GRANTED** *nunc pro tunc*. The Court will set a deadline to file the opposition after the resolution of the motion to strike.

Dated this 25th day of November, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE