1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Darion Muhammad-Coleman,

                                    Petitioner,

        v.

LaGrand, *et al.*,

                                    Respondents.

Case No. 3:23-cv-00012-ART-CLB

Order Denying Pro Se Motion to Withdraw and Replace Attorney

(ECF No. 43)

28 U.S.C. § 2254 habeas corpus Petitioner Darion Muhammad-Coleman, who is represented by the Federal Public Defender ("FPD"), has filed a pro se motion that he has styled as an emergency motion to withdraw and replace attorney of record. (ECF No. 43.) He cites "extreme conflict of interest" with absolutely no further explanation. This is insufficient.

The Court notes that there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). And even in the context of an appeal as of right, an indigent petitioner has no constitutional right that counsel raise even every nonfrivolous issue. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *see also Smith v. Robbins*, 528 U.S. 259 (2000). In fact, the role of advocate requires that counsel evaluate claims and issues and select the strongest claims to press, in order that they not be lost among weaker, if colorable, claims. *Jones*, 463 U.S. at 751. This Court is also mindful of the goals of the efficient and just resolution of Petitioner's federal habeas matter. Petitioner presents no basis whatsoever to support his contention that the FPD should withdraw from this case. Thus, Petitioner's motion to withdraw and replace counsel is denied.

1    It is therefore ordered that Petitioner's motion withdraw and replace

2   counsel **(ECF No. 43) is DENIED**.

3    It is further ordered that Respondents' motion for extension of time to

4   respond to the motion to strike/motion for more definite statement **(ECF No. 44)**

5   **is GRANTED** *nunc pro tunc*. The deadline is extended to March 17, 2025.

6    It is further ordered that Respondents' motion for clarification **(ECF No.**

7   **46) is DENIED** as moot.

8

9    Dated this 25th day of February 2025.

10

11

12   _____

13   ANNE R. TRAUM
     UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28