UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARION MUHAMMAD-COLEMAN,<br><br>　　　　　　　　　　Petitioner,<br>v.<br>LAGRAND, *et al.*,<br>　　　　　　　　　　Respondents. | Case No. 3:23-cv-00012-ART-CLB<br><br>Order Granting Motion for More Definite Statement and Denying Motion to Dismiss without Prejudice<br><br>(ECF Nos. 38, 41) |

In his amended 28 U.S.C. § 2254 habeas corpus petition, Petitioner Darion Muhammad-Coleman challenges his Eighth Judicial District Court (Clark County, Nevada) convictions for three counts including first-degree murder. (ECF No. 19.) Respondents have filed a motion to dismiss the petition, on the basis that it is untimely, procedurally defaulted, and includes a non-cognizable claim. (ECF No. 38.) In response, Petitioner has filed a motion to strike the motion to dismiss/motion for more definite statement, arguing that the motion to dismiss does not assert the defense of statute of limitations with sufficient particularity. (ECF No. 41.) Because the Rules of Civil Procedure and the Habeas Rules require pleading the affirmative defense of statute of limitations with more specificity than Respondents' current motion to dismiss, the Court grants the motion for more definite statement and denies the motion to dismiss without prejudice. Respondents may file a new motion to dismiss adequately setting forth their statute of limitations defense or abandoning that defense as well as setting forth any other arguments that the petition is subject to dismissal.

I. **BACKGROUND**

In January 2017 a jury convicted Petitioner of first-degree murder with use of a deadly weapon, battery with a deadly weapon, conspiracy to violate Uniform Controlled Substances Act, and attempt to possess a controlled substance. (Exh.

1

94.)[1] The convictions arose from an incident where Petitioner and two others attempted to steal drugs from the victim, and Petitioner shot and killed the victim. (*See, e.g.,* ECF No. at 19-24.) The state district court sentenced Petitioner to an aggregate of 300 months to life. (Exh. 96.) Judgment of conviction was entered on March 29, 2017. (Exh. 97.) The Nevada Supreme Court affirmed his convictions. (Exh. 120.) The Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition, and the Nevada Supreme Court denied his petition for review. (Exhs. 190, 197.)

Petitioner dispatched his federal petition for mailing in December 2022. (ECF No. 8.) The Court granted his motion for appointment of counsel and appointed the Federal Public Defender. (ECF No. 7.) Petitioner filed a counseled amended petition in April 2024. (ECF No. 19.) Respondents move to dismiss the petition, arguing that most claims in the amended petition do not relate back to the original petition. (ECF No. 38.) In Petitioner's motion to strike the motion to dismiss/motion for more definite statement, he argues that Respondents make a blanket argument that three grounds in the amended petition do not relate back. (ECF No. 41.) He asserts that Respondents, therefore, fail to provide fair notice of the affirmative defense of timeliness as to those three grounds.[2]

II. **LEGAL STANDARDS & ANALYSIS**

Respondents contend in the motion to dismiss that assuming, without conceding, that the original petition was timely, Petitioner cannot demonstrate that the claims in the amended petition relate back to the original petition. (ECF No. 38 at 6-7.) In his motion to strike/motion for more definite statement, Petitioner argues that the part of the motion to dismiss based on the statute of limitations does not state the asserted defense with sufficient particularity, and,

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 38, and are found at ECF Nos. 27-33, 35.
[2] Respondents opposed the motion to strike, petitioner replied. (ECF Nos. 48, 50.)

therefore, does not give him fair notice of the scope of the motion such that he may fairly respond to it. (ECF No. 41.) In particular He argues that Respondents have made a bare assertion that grounds 1, 3, and 4 do not relate back but fail to provide any specificity at all.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). Thus, the claims in an amended petition filed after the limitations period has expired will be timely only if the new claims relate back to claims in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013). The AEDPA statute of limitations applies on a claim-by-claim basis. *See Mardesich v. Cate*, 668 F.3d 1164, 1170-71 (9th Cir. 2012). With respect to Petitioner's amended petition, this means that the timeliness of each of his claims under the statute of limitations turns on the question of

whether each claim, independently, relates back to a claim in a timely filed petition.

Here, Respondents set out the relation back standard and then assert that the no claims in the amended petition relate back to a timely-filed petition. (ECF No. 38 at 6.) They then state that, at a minimum, grounds 1, 2, 3, 4, 6, and 7 do not relate back. (*Id.*) Respondents then argue that grounds 2, 6, and 7 do not arise from a common core of operative facts and argue that "this Court must dismiss all of the untimely claims that [Petitioner] fails to show relate back to the original petition." (*Id.* at 7.) Respondents set forth their arguments that these three grounds are untimely with more specificity. (*Id.*) But they make only the bare assertion that grounds 1, 3, and 4 do not relate back.

Federal Rule of Civil Procedure 8(b)(1)(A) states that "[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it. . . ." Habeas Rule 5(b) states that "The answer must address the allegations in the petition. It must also state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Although this rule does not mention the specificity of response required in a motion to dismiss, it has been longstanding practice in this district for respondents to identify in such motions the particular grounds that they claimed did not relate back and to explain why. Respondents must do more to properly plead their statute of limitations defense than provide a formulaic recitation of the law governing the statute of limitations and baldly state that grounds 1, 3, and 4 of the untimely-filed amended petition do not relate back to the original petition. Indeed, it seems the Respondents implicitly acknowledge this in their opposition to the motion to strike/motion for more definite statement. (ECF No. 48.) In that response, they, for the first time, proffer more specific relation back arguments as to grounds 3 and 4. (*Id.* at 2-3.) They also withdraw their argument that ground 1 fails to relate back. (*Id.* at 2.)

In the interests of a fair judicial process as well as judicial efficiency, the Court grants the motion for more definite statement. The motion to dismiss is denied without prejudice to Respondents' ability to reassert the arguments in a renewed motion that properly pleads all alleged bases to dismiss the petition. Then, as is the usual (and more streamlined) process, Petitioner has an opportunity to respond to these arguments in an opposition to the renewed motion to dismiss, and respondents then have an opportunity to reply.

### III. CONCLUSION

It is therefore ordered that Petitioner's motion for more definite statement **(ECF No. 41) is GRANTED** as set forth in this order.

It is further ordered that Respondents' motion to dismiss **(ECF No. 38) is DENIED** without prejudice.

It is further ordered that Respondents have 45 days to file a renewed motion to dismiss, if any.

Dated this 22nd day of April 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE