UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARION MUHAMMAD-COLEMAN,

Petitioner,

v.

NETHANJAH BREITENBACH,[1]

Respondent.

Case No. 3:23-cv-00012-ART-CLB

ORDER DENYING, IN PART, AND GRANTING, IN PART, MOTION TO DISMISS

[ECF No. 53]

## I.   BACKGROUND

This counseled habeas matter comes before the Court on Respondents' motion to dismiss Darion Muhammad-Coleman's First-Amended Petition. (ECF No. 53.) Muhammad-Coleman opposed the motion, and Respondents replied. (ECF Nos. 60, 62.) For the reasons discussed below, the Court denies the motion, in part, and grants the motion, in part.

"Muhammad-Coleman was involved in an altercation and shooting with a drug dealer, Dale Borero, in which Borero was fatally shot." (ECF No. 30-30 at 2.) Following a jury trial, the state court entered a Judgment of Conviction, convicting Muhammad-Coleman of murder with the use of a deadly weapon, battery with the use of a deadly weapon, conspiracy to violate the Uniform Controlled Substances Act, and attempt to possess a controlled substance. (ECF No. 30-7.) Muhammad-Coleman appealed, and the Nevada Supreme Court affirmed. (ECF No. 30-30.) Remittitur issued on July 30, 2018. (ECF No. 31-1.) On August 29, 2018, the state court entered an Amended Judgment of

---

[1] The state corrections department's inmate locator page shows that Muhammad-Coleman is incarcerated at Lovelock Correctional Center. Nethanjah Breitenbach is the current warden for that facility. Accordingly, at the end of this Order, this Court kindly requests that the Clerk of Court substitute Nethanjah Breitenbach for Respondent LaGrand. *See* Fed. R. Civ. P. 25(d).

Conviction, clarifying for administrative purposes that Muhammad-Coleman was convicted of *first-degree* murder with the use of a deadly weapon. (ECF No. 31-6.)

On August 1, 2019, Muhammad-Coleman filed a counseled motion to extend his time to file his state habeas petition. (ECF No. 31-10.) The state court granted the motion on August 27, 2019. (ECF No. 31-11.) Muhammad-Coleman filed his state habeas petition, and following an evidentiary hearing on a single issue, the state court denied the petition on April 23, 2021. (ECF No. ECF No. 31-1332-10.) Muhammad-Coleman appealed, and the Nevada Court of Appeals affirmed on August 18, 2022, finding that Muhammad-Coleman's state habeas petition had been untimely filed. (ECF No. 33-10.) Muhammad-Coleman petitioned for review, but the Nevada Supreme Court denied the request. (ECF No. 33-17.) Remittitur issued on November 15, 2022. (ECF No. 33-18.)

Muhammad-Coleman commenced this federal habeas action on December 22, 2022. (ECF No. 1.) This Court appointed counsel for Muhammad-Coleman, and counsel filed a First-Amended Petition. (ECF Nos. 7, 19.) In his First-Amended Petition, Muhammad-Coleman raises the following grounds for relief:

1. His trial counsel did not request an evaluation of him for PTSD in a timely manner.
2. The trial court denied his counsel's request for a continuance to obtain a psychological evaluation.
3. The trial court allowed a detective to testify as an expert in ballistics.
4. His trial counsel failed to object to and impeach a detective's testimony.
5. The State impugned his right to remain silent.
6. The trial court denied his counsel's request for a voluntary manslaughter jury instruction.
7. There were cumulative errors.

(ECF No. 19.)

## II.   DISCUSSION

Respondents argue that (1) the *pro se* petition is untimely, (2) the First-Amended Petition is untimely, (3) grounds 1, 3, 4, 5, 6, and 7 are procedurally defaulted, and (4) Muhammad-Coleman's addition of new facts to ground 1—as

compared to this ground's presentation before the state courts—should not be considered. (ECF No. 53.) The Court will address each argument in turn.

### A.   Timeliness of the *Pro Se* Petition

Respondents argue that Muhammad-Coleman's state habeas petition did not statutorily toll his limitations period given that it was not properly filed, so his federal limitations period was already expired by the time he commenced this action. (ECF No. 53 at 6.) Muhammad-Coleman does not dispute that his *pro se* habeas petition and First-Amended Petitions are untimely. (ECF No. 60 at 7.) Muhammad-Coleman also does not dispute that his state habeas petition was not properly filed, thereby agreeing that he is not entitled to statutory tolling during the pendency of his state habeas proceedings. (*Id.*) Rather, Muhammad-Coleman asserts that he is entitled to equitable tolling because the state court affirmatively misled him to believe that his state petition was timely. (*Id.*)

The Supreme Court has held that the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc). To satisfy the second element, a petitioner must demonstrate that the "extraordinary circumstances" were the *cause* of his untimeliness. *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017).

Here, on August 1, 2019, Muhammad-Coleman filed a counseled motion to extend his time to file his state habeas petition by 60 days, explaining that investigations were not completed and an expert needed to be retained. (ECF No.

31-10.) Although such an extension is disallowed by Nevada law,[2] the Clark County District Attorney's Office agreed to the granting of Muhammad-Coleman's motion, and the state court entered the following order: "the timelines for Defendant's Petition for Post-Conviction Writ of Habeas Corpus currently set to be filed by August 2, 2019, [is] extended 60 days, and shall be due on the 1st day of October 2019." (ECF No. 31-11.) Later, in its order denying Muhammad-Coleman's state habeas petition, the state court found that Muhammad-Coleman's state habeas petition was not procedurally barred as untimely and that his "claims must be considered on their merits." (ECF No. 32-10 at 10.)

The Supreme Court has indicated that equitable tolling may be appropriate where a court misleads a habeas petitioner. *Pliler v. Ford*, 542 U.S. 225, 234 (2004). Indeed, as is relevant here, the Ninth Circuit has applied equitable tolling principles where either a state or federal court's remarks resulted in the petitioner's untimely filing. *See Sossa v. Diaz*, 729 F.3d 1225, 1229, 1237 (9th Cir. 2013) (holding petitioner entitled to equitable tolling where he reasonably relied on a magistrate judge's orders extending his habeas filing deadline); *Rudin v. Myles*, 781 F.3d 1043, 1059 (9th Cir. 2015) ("[O]nce the state post-conviction relief court excused [petitioner's] delay and deemed her petition 'properly filed,' [petitioner] remained entitled to statutory tolling in federal court."). By granting Muhammad-Coleman's motion for an extension of time to timely file his state habeas petition on August 27, 2019, the state court affirmatively misled Muhammad-Coleman into believing that his late filing would be excused and that his federal limitations period would be statutorily tolled. As such, because Muhammad-Coleman was actively pursuing his rights during this time, believing his state habeas petition would be deemed properly filed, he is entitled to

---

[2] *See State v. Haberstroh*, 69 P.3d 676, 682 (Nev. 2003) (concluding "that the parties in a post-conviction habeas proceeding cannot stipulate to disregard the statutory procedural default rules").

equitable tolling from August 27, 2019, until November 15, 2022, when the remittitur issued for the Nevada Court of Appeals' determination that his state petition had not been timely filed under Nevada law. *See Rudin*, 781 F.3d at 1058 ("Rudin therefore continued to benefit from the post-conviction court's finding of 'extraordinary circumstances' until the Nevada Supreme Court reversed.").

Under this assessment, Muhammad-Coleman's direct appellate review concluded on July 3, 2018, with the Nevada Supreme Court's affirmation of his Judgment of Conviction. 28 U.S.C. § 2244(d)(1)(A). As such, Muhammad-Coleman's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court 90 days later on October 1, 2018. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005). The federal statute of limitations began to run the following day: October 2, 2018. On August 27, 2019, the state court granted Muhammad-Coleman's motion for an extension to file his state habeas petition, thereby equitably tolling Muhammad-Coleman's AEDPA clock. As a result, 329 days elapsed between the finality of the judgment and the commencing of equitable tolling. The remaining 27 days of the AEDPA limitation period was equitably tolled until November 15, 2022, when the remittitur issued for the Nevada Court of Appeals determination that Muhammad-Coleman's state habeas petition had not been timely filed. The AEDPA clock restarted the following day, November 16, 2022, and expired 27 days later on December 13, 2022. Muhammad-Coleman handed his *pro se* federal petition to a correctional officer for filing on December 22, 2022, meaning Muhammad-Coleman commenced this federal habeas action a mere 9 days late.

Muhammad-Coleman also argues that he is entitled to equitable tolling due to his state habeas counsel's actions. (ECF No. 60 at 12.) This Court finds that Muhammad-Coleman's state habeas counsel not only acted deficiently by erroneously seeking to extend Muhammad-Coleman's deadline to file his state

habeas petition (rather than filing an actual petition and then seeking to amend after concluding investigations), but it also finds that such an error rises to the level of unprofessional attorney behavior. *Doe v. Busby*, 661 F.3d 1001, 1011–12 (9th Cir. 2011) ("Equitable tolling may be warranted in instances of unprofessional attorney behavior."). As such, the Court finds that Muhammad-Coleman is also entitled to equitable tolling from August 1, 2019—when his counsel filed the erroneous motion—until August 27, 2019—when that motion was erroneously granted. This additional time means Muhammad-Coleman's AEDPA clock expired on January 17, 2023, making his *pro se* federal petition timely.

### B.      Timeliness of the First-Amended Petition

Respondents argue that, if the Court finds that the *pro se* petition is timely, the First-Amended Petition is untimely and grounds 2, 3, 4, 6, and 7 of the First-Amended Petition do not relate back to the *pro se* petition. (ECF No. 53 at 7.)

A new claim in an amended petition that is filed after the expiration of the AEDPA one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence. *Id.* at 655–64. Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. A claim that merely adds "a new

legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

### 1.     Ground 2

In ground 2 of the First-Amended petition, Muhammad-Coleman argues the following facts in support of his claim that he was denied the right to a fair trial when the trial court failed to grant a continuance so that he could be evaluated for PTSD: (1) he filed a motion for a continuance so that he could be evaluated for PTSD; (2) the court denied the motion; (3) he was not evaluated for PTSD; and (4) a diagnosis of PTSD would have supported his defense. (ECF No. 19 at 8–10.) Muhammad-Coleman argues that he raised these same facts within ground 3 of his *pro se* petition. (ECF No. 60 at 18.) In ground 3 of his *pro se* petition, Muhammad-Coleman argued that his trial counsel delayed getting a PTSD evaluation which resulted in the trial court denying a motion for a continuance and the inability for him to get a PTSD evaluation. (ECF No. 8 at 7.)

After acknowledging that ground 3 of his *pro se* petition focuses on the ineffective assistance of his trial counsel while ground 2 of his First-Amended Petition focuses on trial court error, Muhammad-Coleman argues that the grounds share a common core of operative fact given that they both address concerns about the failure to have an evaluation for PTSD because a PTSD diagnosis would have supported his defense at trial. (ECF No. 60 at 18.) This Court agrees. Respondents too narrowly compare ground 3 of the *pro se* petition with ground 2 of the First-Amended Petition. Rather, in comparing them more broadly, it is apparent that ground 2 of the First-Amended Petition merely relies on a new legal theory tied to the same operative argument alleged in ground 3 of the *pro se* petition. Thus, because ground 2 of the First-Amended Petition relates back to Muhammad-Coleman's *pro se* petition, the Court finds that ground 2 is timely.

## 2. Ground 3

In ground 3 of the First-Amended Petition, Muhammad-Coleman argues the following facts in support of his claim he was denied the right to a fair trial when the trial court allowed Detective Miller to testify as an expert in ballistics: (1) Detective Miller testified she could tell that he shot his gun before Borrero shot based on the location of the shell casings at the scene; and (2) Detective Miller provided expert testimony even though she is not an expert. (ECF No. 19 at 10–11.) Muhammad-Coleman argues that he raised these same facts within ground 4 of his *pro se* petition. (ECF No. 60 at 19.) In ground 4 of his *pro se* petition, Muhammad-Coleman argued that the prosecutor committed misconduct (and his trial counsel acted ineffectively by not objecting) when it allowed a detective to give expert testimony about who "shot first based on the way the shell casings [were] placed on the scene." (ECF No. 8 at 9.)

Muhammad-Coleman argues that ground 3 of his First-Amended Petition and ground 4 of his *pro se* petition both address concerns about Detective Miller's expert testimony, so they share a common core of operative facts. (ECF No. 60 at 19.) This Court agrees. Ground 3 of the First-Amended Petition merely relies on a new legal theory (due process and a fair trial as compared to prosecutorial misconduct) tied to the same operative argument alleged in ground 3 of the *pro se* petition. Thus, because ground 3 of the First-Amended Petition relates back to Muhammad-Coleman's *pro se* petition, the Court finds that ground 3 is timely.

## 3. Ground 4

In ground 4 of his First-Amended Petition, Muhammad-Coleman argues he was denied the right to the effective assistance of counsel when trial counsel failed to object to and impeach Detective Miller's testimony. (ECF No. 19 at 12.) As discussed previously, in ground 4 of his *pro se* petition, Muhammad-Coleman argued, in part, that his trial counsel acted ineffectively by not objecting to the detective's expert testimony. (ECF No. 8 at 9.) Ground 4 relates back and is

timely.

### 4. Ground 6

In ground 6 of his First-Amended Petition, Muhammad-Coleman argues the following facts in support of his claim he was denied the right to a fair trial when the trial court denied his request for a voluntary manslaughter jury instruction: (1) trial counsel requested a voluntary manslaughter instruction; (2) the trial court denied the request; and (3) he raised a self-defense claim. (ECF No. 19 at 16–18.) Muhammad-Coleman argues that he raised these same facts within ground 5 of his *pro se* petition. (ECF No. 60 at 20.) In ground 5 of his *pro se* petition, Muhammad-Coleman argued that his trial counsel asked for a voluntary manslaughter instruction too late in the process, so the trial court denied the request. (ECF No. 8 at 10.) Ground 6 of the First-Amended Petition replies on the same operative argument alleged in ground 5 of the *pro se* petition, so the Court finds that ground 6 is timely

### 5. Ground 7

In ground 7 of his First-Amended Petition, Muhammad-Coleman raises a cumulative error claim. (ECF No. 19 at 18–19.) Although he did not explicitly raise this claim in his *pro se* federal petition, Muhammad-Coleman argues that he attached pleadings which set forth a cumulative error claim to his *pro se* petition. (ECF No. 60 at 21.) Muhammad-Coleman attached his counseled state habeas reply brief to his *pro se* petition. (*See* ECF No. 8 at 15–23.) That reply brief contained a cumulative error claim. (*Id.* at 22.)

"If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020). For relation back purposes, "the original petition consists of the petition itself and any 'written instrument[s]' that are exhibits to the

9

petition." *Id.* (quoting Fed. R. Civ. P. 10(c)). However, "[i]f an exhibit to the original petition includes facts unrelated to the grounds for relief asserted in that petition, those facts are not 'attempted to be set out' in that petition and cannot form a basis for relation back." *Id.* at 1168.

Respondents argue that *Ross* is inapplicable because Muhammad-Coleman's *pro se* petition did not rely upon nor notice the reply brief. (ECF No. 62 at 10.) Even if Muhammad-Coleman did not incorporate his reply brief by reference within his *pro se* petition, the Court finds that, under the circumstances present here, that ground 7 relates back. Ground 7 is a cumulative error claim, so it necessarily includes—and is related to—the facts asserted in the *pro se* petition. Ground 7 is timely.

### C.   Procedural Default

Respondents argue that grounds 1, 3, 4, 5, 6, and 7 are procedurally defaulted because these claims were raised within Muhammad-Coleman's state habeas petition, which was found to be untimely. (ECF No. 53 at 9.)

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim pursuant to an independent and adequate state procedural rule. *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000). "The Ninth Circuit has elaborated that a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005) (internal quotation marks omitted). "If a state procedural rule is not well-established before a petitioner supposedly breaks the rule, then the rule cannot prevent federal review of the petitioner's federal claims." *Id.*

### 1.   Ground 6

Muhammad-Coleman contends that ground 6 was presented on direct appeal, so it was not procedurally defaulted. (ECF No. 60 at 22.) In ground 6 of his First-Amended Petition, Muhammad-Coleman argues that he was denied the

right to a fair trial when the trial court denied his request for a voluntary manslaughter jury instruction. (ECF No. 19 at 16.) Not only was ground 6 raised within Muhammad-Coleman's direct appeal, but the Nevada Supreme Court addressed the merits of this ground. (*See* ECF No. 30-30 at 5–8.) Ground 6 is not procedurally defaulted.

### 2.    Grounds 3 and 5

Muhammad-Coleman concedes that grounds 3 and 5 are procedurally defaulted, but he argues that he can show cause and prejudice to overcome these procedural defaults. (ECF No. 60 at 22.) When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not constitute cause. *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Id.* at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

Muhammad-Coleman's cause argument is premised on the same facts as his equitable tolling argument: (1) the state court agreed to continuances to the filing of Muhammad-Coleman's state habeas petition, which misled him into believing that a timely petition had been filed; and (2) his state habeas counsel constructively abandoned him by failing to file a timely post-conviction petition. (ECF No. 60 at 23.) First, unlike equitable tolling, Muhammad-Coleman cites no authority showing that he is entitled to a finding of cause to excuse a procedural

11

default based on a misleading ruling by the state court. Indeed, contrary to Muhammad-Coleman's contention, the state court's actions here do not constitute an objective factor external to the defense that impeded his efforts to comply with state procedural rules given that Muhammad-Coleman's state habeas counsel was the one who requested the continuances. Second, Muhammad-Coleman cites only *Maples* for his contention that he is entitled to a finding of cause based on his state habeas counsel's abandonment. (ECF No. 60 at 23.) In *Maples*, the Supreme Court held that attorney abandonment may "supply[] the 'extraordinary circumstances beyond [petitioner's] control' necessary to lift the state procedural bar to his federal petition." 565 U.S. at 283 (internal citation omitted). Here, although Muhammad-Coleman's state habeas counsel acted deficiently and unprofessionally by erroneously seeking to extend his deadline to file his state habeas petition, Muhammad-Coleman's state habeas counsel never abandoned him.

Because Muhammad-Coleman fails to demonstrate cause to excuse the procedural defaults of grounds 3 and 5, they are dismissed.

### 3.   Grounds 1 and 4

Muhammad-Coleman concedes that grounds 1 and 4 are procedurally defaulted, but he argues that he can show cause and prejudice to overcome these procedural defaults under *Martinez*. (ECF No. 60 at 24.)

In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). Here, as has already been established, Muhammad-Coleman's state habeas counsel failed to timely file his state habeas petition. As such, this Court finds that Muhammad-Coleman has shown that good cause exists to excuse the procedural default of grounds 1 and 4. However, because the analysis of prejudice is necessarily intertwined with

the merits of these grounds, this Court defers a determination of whether Muhammad-Coleman can establish prejudice to overcome these procedural defaults until the time of merits determination.

### 4. Ground 7

Muhammad-Coleman concedes that ground 7 is procedurally defaulted, but he argues that it should, nonetheless, be considered. (ECF No. 60 at 26.) None of the cases cited by Muhammad-Coleman in support of this assertion address the consideration of a stand-alone cumulative-error claim. Instead, the Ninth Circuit has stated that this Court is "not automatically require[d] . . . to consider whether the cumulative effect of the alleged errors prejudiced the petitioner." *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008). The Court dismisses ground 7 as procedurally defaulted.[3]

### E.   Consideration of New Evidence in Ground 1

Respondents contend that Muhammad-Coleman never presented his neuropsychological evidence regarding his PTSD to the state courts, so this Court cannot consider this evidence, which was included within ground 1. (ECF No. 53 at 11–12.) Muhammad-Coleman rebuts that the state habeas court prevented him from developing this evidence, so 28 U.S.C. § 2254(e)(2) does not bar this Court's consideration of it. (ECF No. 60 at 31.)

This Court acknowledges that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). However, given, *inter alia*, that Muhammad-Coleman may be entitled to de novo review of ground 1, an issue that it will not assess until the time of merits review, this Court finds that it is premature to determine whether it should decline to consider any new evidence.

---

[3] Respondents also argue that ground 7 does not raise a cognizable claim under the federal Constitution. (ECF No. 53 at 10.) Given that ground 7 is dismissed as procedurally defaulted, the Court need not reach this argument.

This argument is denied without prejudice.

**III.   CONCLUSION**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 53) is denied, in part, and granted, in part, as follows: (1) grounds 3, 5, and 7 are dismissed as procedurally defaulted, and (2) grounds 1 and 4 are procedurally defaulted and the consideration of prejudice to overcome these procedural defaults is deferred until after the filing of an answer and reply in this action.

It is further ordered that Respondents file their answer to the remaining grounds in the First-Amended Petition within 60 days of the date of this Order. Muhammad-Coleman will then have 45 days to file his reply.

It is further kindly ordered that the Clerk of the Court substitute Nethanjah Breitenbach for Respondent LaGrand.

DATED THIS 2nd day of March, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE